Joe Marchand *et al.* Defendants in Error, *vs.* The Industrial Commission *et al.*—(The Schulze Baking Company, Plaintiff in Error.)

*Opinion filed February 19, 1932.*

Hamilton, Black, Holtgreve & Klatt, for plaintiff in error.

Shelton F. McGrath, and Arthur B. Copeland, for defendant in error.

Mr. Justice Heard delivered the opinion of the court:

This cause is here by leave of this court, on writ of error to the circuit court of Peoria county, to review an award under the Workmen's Compensation act against the Schulze Baking Company in favor of Joe Marchand and Mary Marchand, father and mother of William E. Marchand, whose death resulted from an accidental injury received while in the employ of the baking company, in the course and scope of his employment. The arbitrator before whom the hearing was had found that the parents were not dependent upon the earnings of the employee, and on re-

view by the Industrial Commission the arbitrator's decision was confirmed on *certiorari*. The circuit court set aside the findings of the Industrial Commission and the arbitrator and entered an award for $1650.

Joe Marchand was the only witness on the subject of dependency before the arbitrator, and the cause was submitted to the commission on the evidence heard by the arbitrator. Marchand's testimony was somewhat contradictory as to the amount received from his son in his lifetime. This might well be accounted for by a lack of knowledge of the English language and a lack of understanding of some of the questions asked him. When his testimony is considered in its entirety it shows that deceased annually contributed to his parents, over and above his board and lodging, not less than $100 nor more than $400 for their needs, and that, as stated by Marchand, "whenever we needed any money to help run the house, why, he gave us." Marchand owned a five-room house and had a few hundred dollars, saved from his earnings, on interest. He had no trade and had always been a common laborer. For four years he had worked for the city of Peoria at three dollars a day. During the first two years of this time he worked in the park. That job only lasted six months out of the year. During the last two years he was employed as a street sweeper. Since he had left the employ of the city he had been cutting a couple of lawns a week. He said: "I have not very much means of support other than my earnings—very little. By that I mean, I had to get so much more of the boy. He had so much more. I couldn't do everything."

Where parents are entitled to compensation for the death of a son upon whose earnings they are partially dependent for support, the award is for such proportion, within stated limits of a sum equal to four times the average amount of earnings of the son, as such partial dependency bears to the total dependency, and where an award is made

for more than the minimum amount fixed by the statute, the evidence must not only show dependency, but its extent must be so clearly and definitely shown that the court can determine such proportion from the evidence. In the instant case the amount of the award is for the minimum fixed by statute. Partial dependency having been shown by the evidence, it is not necessary that the amount of the award shall be shown to be in accordance with the proportion above stated.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*